J-A24012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF HELEN WEATHERLY, ALLEGED INCAPACITATED PERSON | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DONALD HIGHTOWER AS | : : : | |
| Petitioner | : : | No. 1447 EDA 2018 |

Appeal from the Decree April 13, 2018
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s): 513 AI 2016

BEFORE: BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 07, 2020**

Donald Hightower (Appellant) appeals *pro se* from the decree, dated April 13, 2018, issued by the Orphans' Court Division of the Court of Common Pleas of Philadelphia County that found Helen Weatherly to be an incapacitated person and appointed Bruce Alwine to be the guardian of her person and her estate.[1] After review, we dismiss this appeal as moot.

The orphans' court issued an opinion that set forth the following facts and procedural history of the matter.

Donald Hightower ("Appellant") filed a Petition for Adjudication of Incapacity and the Appointment of a Plenary Guardian of the Person and Estate on May 11, 2017.[1] The Petition listed Helen Weatherly's next of kin as her two sons, Appellant and Michael Hightower. The Petition stated that Helen Weatherly was a ninety-three year old female suffering from dementia.[2] The

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] No appellee's brief has been filed.

Petition alleged that Ms. Weatherly's conditions caused functional limitation that affected her ability to receive and evaluate information effectively and to make and communicate decisions. Appellant nominated himself as the proposed guardian of the person and estate.

[1] Appellant originally filed an emergency petition for guardianship on April 29, 2016. The emergency petition was withdrawn. Appellant filed a Petition for Plenary Guardianship on May 6, 2016. The hearing was continued three times for Appellant[']s failure to obtain medical evidence. On November 9, 2016, this court dismissed the petition without prejudice to refile after Appellant failed to appear in court. The refile resulted in the instant petition and appeal. Appellant also filed an amended petition on June 16, 2017, where he listed five pages worth of allegations against Care Pavilion and Michael Hightower[,] which included but was not limited to collusion against Appellant and Ms. Weatherly.

[2] Ms. Weatherly is now 94 years old.

A hearing was scheduled for July 10, 2017.... The hearing was continued five times for Appellant's failure to obtain medical testimony and for failure to make service on Ms. Weatherly. On November 15, 2017, Yvette Rogers, Esquire[,] was appointed to represent the rights, interests and person of Helen Weatherly.[3]

[3] The Honorable Shanese I. Johnson was originally Ms. Weatherly's court[-]appointed counsel before she was elected as a Judge in Philadelphia County.

On April 10, 2018, the [c]ourt held a hearing on the Petition for Adjudication of Incapacity and the Appointment of a Plenary Guardian of the Person and Estate. Appellant submitted a written doctor's deposition of Dr. Kenneth Rosenstein pursuant to 20 P[a].C.[S.] § 5518.[4] Dr. Rosenstein diagnosed Ms. Weatherly with dementia, moderate to severe, probably mixed vascular and Alzheimer's type. She scored an 11 out of 30 on the mini mental status exam and a 3 out of 30 on the SLUMS. In the doctor's opinion[,] her ability to receive and evaluate information effectively and communicate decisions was significantly impaired. He also indicated she was totally unable to manage her financial

resources and also totally unable to meet the essential requirements for her physical health and safety.[5]

> [4] In lieu of [a] recitation of all of Dr. Rosenstein's qualification and findings, the [c]ourt incorporates the written deposition marked as P-1[.]

> [5] All opinions are based upon a reasonable degree of medical certainty.

Appellant testified that he seeks guardianship of his terminally ill mother. Appellant did not testify about his mother's daily needs and activities, medical needs, medications, finances or why he should be appointed guardian. Appellant called no other witnesses. [Attorney] Rogers called Michael Hightower in her case-in-chief. Michael Hightower objected to Appellant['s] serving as guardian. However, he did not oppose the guardianship and was agreeable to a neutral guardian. Michael Hightower stated that he has been making decisions on behalf of his mother since she has been at Care Pavilion and that her social security income is directed to Care Pavilion as payee. [Michael] Hightower testified that Ms. Weatherly owns a house that is in reverse mortgage … and that Appellant lives in the house. Appellant's cross-examination and re-cross of Michael Hightower was tantamount to an argument about their family history and relations. [Attorney] Rogers made a statement to the [c]ourt in closing[,] requesting a neutral guardian be appointed since the two brothers cannot work together and that because of [Ms. Weatherly's] physical condition and reverse mortgage she is in need of a guardian of both her person and estate.

On April 13, 2018, this [c]ourt issued a final Decree adjudicating Helen Weatherly a totally incapacitated person and appointing Bruce Alwine as the guardian of the person and estate of Helen Weatherly, an incapacitated person.

On May 13, 2018, Appellant filed a timely Notice of Appeal.

Orphans' Court Opinion, 5/18/18, at 1-3.

On appeal, Appellant raises the following issues for our review, which we reproduce *verbatim*:

1) Whether the Trial Court abused its discretion when it blatantly disregarded Pennsylvania Rules of Court; in Pertinent Rule 212.3 as it pertains to Pre-Trial conference and scheduling, by holding a surprise trial and using a surprise witness.

2) Whether the trial court abused its discretion when it rendered a final order not based on any "foundation of reason" and appears to be manifestly unreasonable, arbitrarily capricious, motivated by partiality, prejudice, bias or ill will. (Given the trial court's blatant and egregious behavior, one would say "All of the Above")

3) Whether the trial court abused its discretion when it held a surprise trial featuring a surprise witness, essentially denying pro se petitioner "procedural due process", denying pro se petitioner opportunity to do an in-court presentation.

4) Whether the trial court abused its discretion when it blatantly disregarded 20 C.S.A. 5604a(c)(2) which clearly states "[I]n absence of proof of good cause or disqualification based on competent evidence, at the Guardianship hearing there was no need to appoint independent party as permanent guardian."

Appellant's brief at 6.

We note that Appellant's brief contains a partial statement of a fifth issue on page 6. We are unable to comprehend the point of this incomplete issue. Moreover, Appellant's brief contains no argument related to a fifth issue. Thus, we are compelled to conclude that a waiver is appropriate under the circumstances. *See* Pa.R.A.P. 2116(a). However, because the panel at argument was apprised by Appellant of the death of Ms. Weatherly on July 17, 2018, we conclude that this matter is moot. Accordingly, we dismiss the appeal as moot.

Appeal dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/7/20</u>